IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,  )<br>)<br>Interpleader Plaintiff,  )<br>)<br>v.  )<br>)<br>PHILLIP CHISHOLM and  )<br>CHESTER JENKINS,  )<br>)<br>Defendants.  ) | CASE NO. CV419-158 |

# O R D E R

Before the Court is Defendant Phillip Chisholm's ("Chisholm") Motion to Dismiss (Doc. 15) and Interpleader Plaintiff Globe Life and Accident Insurance Company's ("Globe Life") Motion to Deposit Funds into the Registry of the Court (Doc. 18). For the following reasons, Defendant Chisholm's Motion to Dismiss (Doc. 15) is **DENIED** and Globe Life's Motion to Deposit Funds (Doc. 18) is **GRANTED**.

## BACKGROUND

This interpleader action arises from potential competing claims to the proceeds of a life insurance policy issued by Globe Life.[1] (Doc. 11 at ¶¶ 6, 21.) On February 14, 2014, Globe Life issued a life insurance policy ("the Policy") to Saundra Thomas

---

[1] For the purposes of this Order, the Court will accept all factual allegations in the Complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

("Ms. Thomas") in the amount of $30,000.00 ("the Benefit").[2] (Id. at ¶ 6; Doc. 11, Attach. 1 at 2.) Ms. Thomas named Defendant Chisholm, a resident of Georgia, as the beneficiary of the Policy. (Doc. 11 at ¶ 7; Doc. 11, Attach. 1 at 6.) The Policy describes Ms. Thomas's relationship with Defendant Chisholm as "other." (Doc. 11, Attach. 1 at 6.)

On March 5, 2017, Ms. Thomas was found dead in her home with multiple gunshot wounds. (Doc. 11 at ¶¶ 9-10; Doc. 11, Attach. 2 at 2.) The Savannah-Chatham Metropolitan Police Department ("SCMPD") ruled Ms. Thomas's death a homicide. (Doc. 11, Attach. 2 at 2; Doc. 11, Attach. 3 at 3.) On March 29, 2017, Detective Corporal Zachary Burdette sent Globe Life an e-mail stating that Defendant Chisholm was a person of interest in the investigation of Ms. Thomas's murder. (Doc. 11, Attach. 4 at 2.) On May 11, 2017, Detective Burdette, in response to a request from Globe Life for additional information about Ms. Thomas's death, again stated that "[a]t this time Phillip Chisholm is being looked into as a suspect." (Doc. 11, Attach. 6 at 3.) On June 23, 2017, Detective Burdette, in another e-mail to Globe Life, stated that "Phillip Chisholm is [the] number 1 suspect in the death of Saundra Thomas." (Doc. 11, Attach. 7 at 2.) Between July 2017 and November 27, 2017, Detective Burdette sent three more e-mails to Globe Life stating that Defendant Chisholm remained a suspect in the

---

[2] The Policy is identified as Certificate Number 00-6E17850. (Doc. 11, Attach. 1 at 2.)

2

investigation of Ms. Thomas's death. (Doc. 11, Attach. 8 at 2-4.) As of the date of this Order, no criminal charges have been filed against Defendant Chisholm or any other person for the death of Ms. Thomas.

After Ms. Thomas's death, the Benefit became payable in the amount of $30,000.00. (Doc. 11 at ¶ 11.) On September 13, 2019, Globe Life filed its Amended Complaint for Interpleader pursuant to 28 U.S.C. § 1335. (Doc. 11.) In the amended complaint, Globe Life alleges that it is a disinterested stakeholder in the Benefit and that it "is unable to determine which individual or entity may be entitled to the Benefit . . . ." (Id. at ¶ 21.) Specifically, Globe Life alleges that, at the date of filing the Amended Complaint, the SCMPD had not ruled Defendant Chisholm out as a suspect in the investigation of Ms. Thomas's homicide. (Id. at ¶ 12.) Accordingly, if Defendant Chisholm "is determined to have caused the death of Ms. Thomas, he may be precluded under Georgia law from receiving the [Benefit]." (Id. at ¶ 19.) Under such circumstances, Globe Life alleges that Ms. Thomas's father, Defendant Chester Jenkins, would be entitled to the Benefit as Ms. Thomas's heir. (Id. at ¶¶ 8, 19.)

On September 26, 2019, Defendant Chisholm filed his Motion to Dismiss Globe Life's interpleader action. (Doc. 15.) In his motion, Defendant Chisholm contends that Globe Life's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Id. at 3.) On October 19, 2019, Plaintiff

3

Globe Life filed its Memorandum in Opposition of Defendant Chisholm's Motion to Dismiss arguing that this interpleader action is proper because Globe Life is potentially exposed to multiple claims for the same fund. (Doc. 17 at 7.) On the same day, Globe Life also filed its Motion to Deposit Funds into Registry of Court (Doc. 18), which Defendant Chisholm did not oppose.

## ANALYSIS

I. DEFENDANT CHISHOLM'S MOTION TO DISMISS

A. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d. 929 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1964). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1973). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949) (internal quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1964).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Moreover, "unwarranted

5

deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545, 127 S. Ct. at 1959).

B. Globe Life's Complaint for Interpleader

In this case, Defendant Chisholm has moved to dismiss Globe Life's interpleader action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15 at 3.) He contends that Globe Life cannot demonstrate that it is potentially exposed to adverse claims or multiple liability on the Benefit. Specifically, Defendant Chisholm argues he is no longer a suspect in Ms. Thomas's murder and, therefore, Globe Life's contention that Defendant Chisholm may be prohibited from receiving the Benefit under O.C.G.A. § 33-25-13 is a "baseless accusation." As such, Defendant Chisholm argues that Globe Life's interpleader action should be dismissed.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the

court to determine the asset's rightful owner." In re Mandalay Shore Co-op Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). Interpleader is appropriate where "[t]wo or more adverse claimants . . . are claiming or **may claim** to be entitled to such money or property . . . ." 28 U.S.C. § 1335(a)(1); Maxum Indemnity Co. v. Curley, No. 1:17-cv-2858-TCb, 2017 WL 8942384, at *1 (N.D. Ga. Dec. 18, 2017) (emphasis added).[3]

Upon review of Globe Life's Amended Complaint (Doc. 11), the Court finds that Globe Life has adequately alleged potential exposure to competing claims to the Benefit. Globe Life alleges that Defendant Chisholm is a suspect in the ongoing investigation of the murder of Ms. Thomas. To support this contention, Globe Life provides several communications between it and Detective Burdette of the SCMPD stating that Defendant Chisholm is a suspect in the investigation. Globe Life also alleges that, as recently as August 2019, the investigation of Ms. Thomas's death remained open and Defendant Chisholm was still a suspect. (Doc. 17 at 2 n.1.) Using this information, Globe Life contends that if the SCMPD ultimately finds that Defendant Chisholm murdered Ms. Thomas, he

---

[3] "The federal interpleader statute gives the district court jurisdiction of 'any civil action of interpleader or in the nature of interpleader,' where the claimants are minimally diverse and the plaintiff has 'any obligation written or unwritten to the amount of $500 or more.' " Metro. Life Ins. Co. v. Bell, 6:14-cv-473-Orl-22TBS, 2014 WL 8021562, at *3 (M.D. Fla. Oct. 9, 2014) (quoting 28 U.S.C. § 1335(a)(1)). In this case, Defendant Chisholm and Defendant Jenkins are minimally diverse because Defendant Chisholm is a citizen of Georgia and Defendant Jenkins is a citizen of South Carolina. (Doc. 11 at ¶¶ 2, 3.)

would be prohibited from receiving the Benefit under O.C.G.A. § 33-25-13.

> O.C.G.A. § 33-25-13, Georgia's "Slayer Statute," provides:
>
> No person who commits murder or voluntary manslaughter . . . shall receive the benefits from any insurance policy on the life of the deceased, even though the person so killing . . . be named beneficiary in the insurance policy . . . . All right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state . . . .

Accordingly, depending on the outcome of the SCMPD's investigation, there is a possibility that Ms. Thomas's heir, Defendant Jenkins, may file a competing claim for the Benefit.

In his motion to dismiss, Defendant Chisholm argues that Globe Life cannot preclude him from receiving the Benefit because he has not been charged or convicted of Ms. Thomas's murder. (Doc. 15 at 3.) In addition, Defendant Chisholm argues that the e-mails from Detective Burdette fail to support Globe Life's allegation that it may be exposed to multiple claims because the evidence only shows that Defendant Chisholm was a suspect in 2017. (Id.) However, even where a beneficiary has not been charged with murder, an interpleader plaintiff can sufficiently allege potential exposure to multiple claims for the same fund. See, e.g., Apparisio v. Pruco Life Ins. Co., No. 19-20823-CIV, 2019 WL 5209600, at *2 (S.D. Fla. July 3, 2019) (granting interpleader request where plaintiff had not been cleared as a suspect in the murder of the insured because the insurer was potentially exposed

to multiple claims for the same fund); Prudential Ins. Co. of Am. v. Davidson, No. 1:14-cv-1879-WSD, 2015 WL 4734746, at *3 (N.D. Ga. Aug. 10, 2015) (finding interpleader action appropriate where plaintiff alleged that the named beneficiary was a suspect in the insured's murder); New York Life Ins. and Annuity Corp. v. Gerth, No. 8:12-cv-1954-T-30MAP, 2013 WL 2406288, at *1 (M.D. Fla. June 3, 2013) (granting motion for interpleader where beneficiary was a suspect in the death of the insured); State Farm Ins. Co. v. Leili, No. 1:12-CV-2376-ODE, 2013 WL 12062266, at *1 (N.D. Ga. Dec. 3, 2013) (declining to grant summary judgment to the beneficiary on an interpleader action where the beneficiary remained a suspect in the murder of the insured). Accordingly, because the investigation of Ms. Thomas's death is ongoing, Globe Life has sufficiently alleged that it is potentially exposed to conflicting claims to the Benefit. As a result, Defendant Chisholm's motion to dismiss (Doc. 15) is **DENIED**.

II. PLAINTIFF GLOBE LIFE'S MOTION TO DEPOSIT FUNDS

Because Globe Life is exposed to potentially conflicting claims to the Benefit, Globe Life has requested to deposit funds into the registry of the Court. (Doc. 18.) Globe Life's motion to deposit funds is **GRANTED**. Accordingly, Globe Life is **DIRECTED**, within **ten days** of the date of this order, to present a check payable to the Clerk of this Court as a deposit into the registry of this Court to include the $30,000.00 life insurance benefit, plus applicable interest, but without any deduction for attorney's

9

fees or costs. The deposit shall include the entirety of the proceeds of Certificate No. 00-6E17850 payable by reason of Saundra Thomas's death. The Clerk of Court is **DIRECTED** to accept and receive the above amount into the registry of this Court for ultimate disposition only by order of this Court. Pursuant to Southern District of Georgia Local Rule 67.3, the Clerk of Court is **DIRECTED** to deduct a fee from the deposited funds in the amount of 10% of the income earned. This fee shall be collected at the time the Clerk of Court makes any distribution of funds pursuant to a valid order of this Court.

## CONCLUSION

For the reasons stated above, Defendant Chisholm's motion to dismiss (Doc. 15) is **DENIED** and Globe Life's motion to deposit funds (Doc. 18) is **GRANTED**. Globe Life is **DIRECTED** to follow the instructions for depositing the proceeds of Certificate No. 00-6E17850 outlined in this Order.

SO ORDERED this 28th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA